No. 92-307

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

IN RE THE MATTER OF THE
GUARDIANSHIP OF:

MARGIE M. HANLEY,

    An Incapacitated Person.

APPEAL FROM:   District Court of the Nineteenth Judicial District,
In and for the County of Lincoln,
The Honorable Robert S. Keller, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

            William A. Douglas, Douglas & Sprinkle, Libby,
Montana

        For Respondent:

            L. Charles Evans, Libby, Montana

Submitted on Briefs:  November 12, 1992

Decided:  January 21, 1993

Filed:

FILED

JAN 21 1993

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

This is an appeal from an order of the Nineteenth Judicial District Court, Lincoln County, awarding Shirley Taylor Guardianship and Conservatorship of her mother and her mother's estate and finding Jerry Hanley in contempt of court. Reversed and remanded.

The issues on appeal are:

1.  Was the service of process adequate with regards to the alleged incapacitated person, Margie M. Hanley?

2.  Did the District Court err in holding Mrs. Hanley's son, Jerry Hanley, in contempt of court for not producing Mrs. Hanley for a medical examination in Montana?

Margie M. Hanley (Mrs. Hanley) is 84 years old and is the mother of seven children. She is a widow who resided in Montana until August 15, 1991, when one of her two sons took her to California to live with his family.

Five of the children initially wished Mrs. Hanley to be put into the Libby Care Center. Two of the daughters, Shirley Taylor and Sandra Jackson, did not wish their mother placed in a nursing home, but would rather have taken care of her themselves. Much discussion followed Mrs. Hanley's deteriorating health condition, with no consensus concerning her care occurring.

From March until August of 1991, Mrs. Hanley visited various children. On August 15, 1991, after a petition to the Nineteenth District Court, temporary guardianship and conservatorship were issued to Shirley Taylor. Also on this date, Mrs. Hanley was taken

2

to California by Jerry Hanley and has remained there with his family since that date.

All children except for Shirley Taylor and Sandra Jackson, retained an attorney and submitted affidavits in opposition to Shirley Taylor being appointed guardian. A hearing was held on October 7, 1991 in response to five of the children's motion to set aside the appointment. Only William Hanley testified at this hearing which was subsequently continued until October 18, 1991, and again until January 2, 1992.

On December 24, 1991, Shirley Taylor filed a motion to require her brother Jerry and her brother William to deliver their mother to the court on January 2, 1992, in order that she be examined by a doctor and a visitor of the court. Mrs. Hanley was not delivered to the court in Montana, but the parties again entered negotiations among themselves concerning their mother's care. Negotiations among the children were again unsuccessful and on February 7, 1992 a hearing was held with appearances by Shirley Taylor, Sandra Jackson, and their attorney.

The court set a hearing date of March 2 to hear the petition of Shirley Taylor for appointment of guardian. Jerry and William Hanley were also ordered to appear in court on that day to show cause why they should not be found in contempt of court for their failure to deliver Mrs. Hanley. Jerry Hanley petitioned the court for a two week continuance which was granted. The court then, on its own, continued the hearing until March 30, 1992.

There is no record of personal service upon Mrs. Hanley. At

3

the March 30 hearing, the court found Jerry Hanley in contempt of court and ordered him to spend five days in the county jail and pay the amount of $500 for not producing his mother. The court also ordered that Shirley Taylor be appointed guardian and conservator of her mother and her mother's estate. Counsel for the Hanley sons objected stating that the District Court did not have jurisdiction to award guardianship; the objection was overruled as untimely. This appeal followed.

I.

Was the service of process adequate with regards to the alleged incapacitated person, Margie M. Hanley?

Appellants argue that §§ 72-5-314, MCA, and 72-5-403, MCA, mandate that Mrs. Hanley must be personally served with notice concerning any hearing involving her guardianship. Appellants contend that failure to comply with such statutory mandate combined with the lack of any waiver by Mrs. Hanley indicates that she has been denied due process of law. Respondents argue that sufficient service was made.

Our statutes make it clear that the person for whom a guardian or conservator is sought, must be personally served or appear personally at the hearing. Section 72-5-314, MCA, states in pertinent part:

> **Notices in guardianship proceedings.** (1) In a proceeding for the appointment or removal of a guardian of an incapacitated person other than the appointment of a temporary guardian or temporary suspension of a guardian, notice of hearing shall be given to each of the following:
> (a) the ward or the person alleged to be incapacitated
> . . .

4

> (2) <u>Notice shall be served personally on the alleged incapacitated person</u> and . . . Waiver of notice by the person alleged to be in capacitated is not effective unless he attends the hearing or his waiver of notice is confirmed in an interview with the visitor. Representation of the alleged incapacitated person by a guardian ad litem is not necessary. [Emphasis added.]

Waiver of notice is affected by § 72-5-403, MCA, which states in pertinent part:

> (1) <u>On a petition for appointment of a conservator or other protective order, the person to be protected and his spouse or, if none, his parents must be served personally with notice of the proceeding at least 14 days before the date of hearing</u> if they can be found within the state . . . Waiver by the person to be protected is not effective unless he attends the hearing . . . [Emphasis added.]

The statutes make it clear that personal service on the person to be protected is required. The record reveals that personal service was not made on Mrs. Hanley, the alleged incapacitated person. Service was upon the son in whose home she now resides and does not constitute personal service on Mrs. Hanley. This Court has no alternative but to reverse the District Court orders appointing a guardian and conservator, and remand for further consideration.

## II.

Did the District Court err in holding Mrs. Hanley's son, Jerry Hanley, in contempt of court for not producing Mrs. Hanley for a medical examination in Montana?

In view of our reversal of the orders appointing a guardian and conservator, the contempt order also is reversed and remanded for the District Court's further determination of whether the order is warranted.

5

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of this Court and by a report of its result to the West Publishing Company.

Reversed and remanded.

_____
Justice

We Concur:

_____

_____

_____

_____
Justices

6

January 21, 1993

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

William A. Douglas
Douglas & Sprinkle
P.O. Box 795
Libby, MT  59923

L. Charles Evans
Attorney at Law
120 W. Sixth St.
Libby, MT  59923

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
    Deputy